UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lee Thomas Kjos, Kjos Outdoors, LLC, | Case No. _____ |
| Plaintiffs, | **COMPLAINT** |
| vs. | |
| Shawn Patrick Riley and Riley Outdoors, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**COMPLAINT**

Plaintiffs, for their causes of action against the above named Defendants, state and allege as follows:

**INTRODUCTION**

1. Plaintiffs Lee Thomas Kjos ("Kjos") and Kjos Outdoors LLC, hereinafter referred to collectively as ("Plaintiffs") by their undersigned attorney, on behalf of himself and the company, for their Complaint to recover damages arising from copyright infringement of Plaintiffs' copyrights in Plaintiffs' creative works, to recover stolen property by Defendants Shawn Patrick Riley and Riley Outdoors ("Defendants"), and damages for tortious interference. The Plaintiffs further collectively desire to enjoin Defendants from future infringement and seek return of property.

2. Defendants continue to reproduce, distribute, and publicly display for commercial gain certain photographs and audiovisual works owned by Plaintiffs. In

1

addition, Riley currently and at all times relevant continues to approach and contact Plaintiffs' clients for commercial gain to Plaintiffs' commercial detriment. In addition, Defendants market the use of special equipment owned by Plaintiffs, including various accessories, props, materials and other equipment and supplies unique to Plaintiffs' business that was stolen from Plaintiffs resulting in Plaintiffs' inability to earn income. Moreover, Defendants intentionally copied, distributed, and published copyrighted works of art created exclusively by Plaintiffs.

## JURISDICTION

3. This Court has original jurisdiction over this civil action in this Complaint pursuant to 28 U.S.C. 1338, arising under any Act of Congress relating to patents, plant variety protection, copyright, and trademark.

## VENUE

4. Venue is appropriate in this Court as the Court has jurisdiction over the Defendants as they maintain substantial business within this judicial district and a substantial number of the acts which give rise to Plaintiffs' claims occurred in Minnesota. Venue is proper in this Court under 28 U.S.C. 1391 (b).

## PARTIES

5. Lee Thomas Kjos is the owner of Kjos Outdoors and is a seasoned photographer. Mr. Kjos has been operating his business for approximately 19 years and has gained the national reputation of being one of the premier outdoor photographers in the country. As such, Kjos has been sought out by national stores and clients for his work and reputation as an outdoor photographer.

6. Defendant Shawn Patrick Riley is a former independent contractor of Kjos Outdoors and is in the early stages as a photographer. Riley operates his company "Riley Outdoors" in the same scope and space.

7. In late 2016, Kjos terminated the relationship with Riley due to consistent behavior that did not line up to normal performance standards.

## FACTUAL BACKGROUND

8. In 1998, Plaintiff Kjos began his career as a commercial photographer.[1] Over the years, Plaintiff has created and developed a huge clientele and following through his unique outdoor photographs.

9. Plaintiff Kjos operated his commercial photography business through his company known as Kjos Outdoors.

10. In 2012, Kjos hired Riley as an independent contractor entrusting him with expensive and irreplaceable one-of-a-kind props and camera equipment.

11. On November 15, 2016, Riley was employed by Kjos to assist Kjos with his photography shoots. While in the employ of Kjos, Kjos provided certain items attached as Exhibit A to this Complaint consisting of his personal property to Riley solely for Riley's use as an employee of Kjos in connection with Kjos's client matters.

12. During Riley's employment, Kjos paid Riley to create certain props for Kjos's use.

---

[1] Commercial – Commercial photographs means photos taken for commercial use, including coverage for outdoor photography work for covers of national magazines.

13. As evidence, Kjos is in possession of invoices created by Riley that documents these activities and illustrates the specific number of props and describes that they were created for the exclusive benefit of Kjos. The work was at Kjos's instruction.

14. For example, Kjos would request Riley to procure props for Kjos's use for various photo shoots. Riley would act upon Kjos's instructions and subsequently invoice Kjos for his time and work. Riley would submit invoices to Kjos and was subsequently compensated for his time and materials.

15. In particular, one notation on an issued invoice reads "mount that Lee wants" illustrating that Lee Kjos is the owner of the property. See Exhibit B.

16. Defendant was not provided any props as a gift and all rights, title, and interest remain to this day and at all times relevant in this Complaint with Kjos.

17. At the conclusion of Riley's employment, all of these items were to be returned to Kjos.

18. However, Kjos made numerous requests for the return of property and to discontinue copyright infringement without success. See Exhibits A and C.

19. After receiving Kjos's request, Riley responded via telephone that "he ripped up the letter" and "could not identify the location of the stolen property".

20. Kjos's Personal Property was itemized and provided to Riley to assist with the return of Kjos's property. To date, Riley has blatantly refused to return property.

21. On February 7, 2017, Kjos through his attorney served Riley with the following correspondence to address multiple copyright infringements of Kjos's intellectual property.

22. Kjos, a well-known photographer, considers his intellectual property amongst his valuable assets and acts diligently to ensure the protection of his intellectual property.

23. As a photographer, amongst Kjos's intellectual properties are copyrights to his photographs which afford him the exclusive rights to reproduce, distribute, display, and prepare derivative works based upon copyrighted photographs. See Exhibit D.

24. On or about early January 2017, Kjos became aware that Riley posted at least 24 photographs ("Kjos Photographs") owned by Kjos either as photographer of the particular subject or as a work for hire, on www.instagram.com under Riley's personal Instagram page bearing the file "Shawn_P_Riley MN based Freelance Photographer/Producer." Kjos never authorized Riley to use or post these photographs anywhere, including but not limited to, online social media platforms. Kjos attaches as Exhibit C a copy of the Instagram page containing the 24 unauthorized photographs to promote platforms. The photographs at issue are marked by a number in pen. However, Kjos obtained federal copyright registration for 4 of 24 unauthorized photographs posted by Riley on the social media platform. Despite repeated requests to curb illegal behavior, the photographs continue to be posted as of July 25, 2017. Exhibit E.

25. Since Riley's termination, Kjos has discovered numerous props that were last in the possession of Riley are missing.

26. Consequently, Kjos has missed out on numerous commercial accounts and photo opportunities resulting in lost business.

DMS 10084021v1

## COUNT I
## COPYRIGHT INFRINGMENT

27.  Plaintiffs incorporate by reference all preceding facts and allegations set forth above in Paragraphs 1-26.

28.  Defendants knowingly and intentionally through their conduct averred herein, Defendants have infringed Plaintiffs' copyright in the Infringed works of art in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. 106 and 501.

29.  Defendants' acts of infringement are willful, intentional, and purposeful, in disregard of and with indifference to Plaintiffs' rights.

30.  As a direct and proximate result of said infringement by Defendants, Plaintiffs are entitled to damages in an amount proven at trial.

31.  Plaintiffs are also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. 504 (b), including an accounting of and a constructive trust with respect to such profits.

32.  Plaintiffs are further entitled to attorney's fees and full costs pursuant to 17 USC 505 and otherwise according to law.

33.  As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiffs are informed and believe and on that basis avers that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the Infringed work of art.

6

Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants from continuing to infringe conduct.

## COUNT II
### CIVIL THEFT (MN Stat. 604.14)

34. Plaintiffs incorporate by reference all preceding facts and allegations set forth above in Paragraphs 1-33.

35. Defendants willfully and knowingly and intentionally stole Plaintiffs' property including props, camera equipment, and other items that did not belong to Defendants.

36. As of the date of filing this lawsuit, which is more than thirty days after the date on which written demand was served, Plaintiffs' demand for the return of property has been unfulfilled.

37. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered damages.

38. Pursuant to Minnesota Statute Section 604.14, Plaintiffs are entitled to recover from Defendants the reasonable amount of attorney's fees Plaintiffs have incurred in representing his interests in this matter.

## COUNT III
### TORTIOUS INTERFERENCE

39. Plaintiffs incorporate by reference all preceding facts and allegations set forth above in Paragraphs 1-38.

40. Plaintiffs have established relationships with numerous clients and businesses that utilized Plaintiffs' services to the substantial benefit of Plaintiffs.

7

Defendant knew of these relationships as a result of his employment relationship with Plaintiffs.

41. The conduct of Defendants as described above was designed to disrupt the economic relationship between Plaintiffs and their clients, and indeed, the relationships were disrupted as a result of Defendants' interference in that prospective customers and merchants have declined to do business with Plaintiffs as a result of the conduct of Defendants.

42. Defendants' interference with Plaintiffs' economic relationships constituted tortious interference.

43. As a proximate result of Defendants' conduct, Defendants suffered damages in an amount to be proven at trial.

44. The conduct of Defendants in interfering with Plaintiffs' economic relationships was intentional, willful, and calculated to cause damage to Plaintiffs' lawful business.

## COUNT IV
## ATTORNEYS FEES

45. As a result of this action, Plaintiffs have retained the law firm of Barnes & Thornburg LLP to represent them in their claims against Defendants. Accordingly, Plaintiffs seek attorneys' fees incurred pursuant to statutory law.

## COUNT V
## JURY DEMAND

46. Plaintiffs respectfully demand a jury trial.

WHEREFORE, Plaintiffs respectfully request the Court grant the following relief:

DMS 10084021v1

a. For damages in such amount as may be found, or as otherwise permitted by law;

b. For an accounting of, and the imposition of constructive trust with respect to Defendants' profits attributable to their infringement of Plaintiffs' copyright in the Infringed work of art;

c. For a preliminary and permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees, and assigns, and all persons acting in concert or participation with each or any of them from continuing to infringe Plaintiffs' copyright in the Infringed work of art and any other Intellectual Property, including but not limited to photographs;

d. For prejudgment interest according to law;

e. For Plaintiffs' attorney's fees, costs, and disbursements in this action; and

f. For such other and further relief as the Court may deem just and proper.

Dated: August 4, 2017

**BARNES & THORNBURG LLP**

_/s/ Lee_

Lee A. Hutton, III (#0327992)
225 South Sixth Street, Suite 2800
Minneapolis, MN 55402
Telephone: 612-364-8711
Facsimile: 612-367-6798
Email: lhutton@btlaw.com
Attorneys for Plaintiffs

DMS 10084021v1

## VERIFICATION

I, Lee Thomas Kjos, both in an individual capacity and as owner of Kjos Outdoors, LLC, declare under penalty of perjury that the factual information contained in the Complaint is true and correct according to the best of my knowledge, information, and belief, or if averred on information and belief, are true to the best of my information and belief based on my information and the investigation of my counsel.

Dated: August 2, 2017

_____
Lee Thomas Kjos

Subscribed and sworn to before me this 2nd day of August, 2017.

_____
Notary Public

JOYCE L. PEDERSEN
NOTARY PUBLIC – MINNESOTA
My Commission Expires Jan. 31, 2018

DMS 10084021v1