## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

Lee Thomas Kjos, Kjos Outdoors,

     Plaintiff,

vs.

Shawn Patrick Riley, Riley
Outdoors,

     Defendant.

Case No. 17-cv-03567-WMW-HB

**DEFENDANTS' ANSWER TO
PLAINTIFFS' COMPLAINT AND
COUNTERCLAIM WITH DEMAND FOR
JURY TRIAL**

_____

### JURY TRIAL DEMANDED

Defendants as and for their Answer to Plaintiffs' Complaint, state and allege as

follows:

### I.

Defendants deny each and every allegation, matter, statement, and thing contained

in Plaintiff's Complaint except as admitted or otherwise qualified herein.

### II.

With regard to the allegations in Paragraph 1, Defendants admit the Complaint

speaks for itself, but deny that these claims have any merit.

### III.

Defendants deny the allegations in Paragraph 2.

IV.

Defendants admit the allegations in Paragraphs 3, 4.

V.

Upon information and belief, Defendants admit the allegations contained in Paragraphs 5, 8, and 9.

VI.

With regard to the allegations contained in Paragraph 6, Defendants admit Shawn Riley was an independent contractor for Kjos Outdoors and markets his talents through the business Riley Outdoors. Defendants deny Shawn Riley is in the early stages as a photographer as he has more than a decade of experience in the outdoor photography business.

VII.

With regard to the allegations contained in Paragraph 7, Defendants admit Kjos and Riley ended their working relationship in late 2016, but deny that the working relationship ended due to any performance standards issues and instead allege the parties had a dispute about working with a specific client.

VIII.

With regard to the allegations contained in Paragraph 10, Defendants deny the working relationship began in 2012 and instead allege Riley began assisting Kjos in 2006 with compensation provided in the form of gifts, such as clothing, a camera, bows, and ammunition. It was not until 2009 that Kjos began to pay Riley as an independent

2

contractor, although no written agreement was ever signed by the parties regarding this arrangement.

IX.

With regard to the allegations contained in Paragraph 11, Defendants deny that Riley was ever an employee of Kjos and further deny the characterization of Plaintiffs providing the items listed in Exhibit A to the Complaint to Riley. With regard to the mounts/props identified in Exhibit A to the Complaint (Items 1-7), Riley constructed the props/mounts and rented them to Plaintiffs and with Plaintiffs' knowledge they were returned to Defendants where Defendants have since stored them. With regard to the gun identified in Exhibit A to the Complaint (Item 9), Defendants have offered to return this item to Plaintiffs, but Plaintiffs have made no attempts or arrangements to receive same. With regard to the computer identified in Exhibit A to the Complaint (Item 10), this was provided by Kjos to Riley and his wife as a gift because Riley's wife was attending school. With regard to the camera lens, clothing and media drives identified in Exhibit A to the Complaint (Items 9, 11-12), Defendants deny they are in possession of these items.

X.

With regard to the allegations contained in Paragraph 12, Defendants admit that Defendants created props for Plaintiffs' use, but deny Plaintiffs purchased the props and further deny any allegation that Riley was an employee of Kjos.

3

XI.

With regard to the allegations contained in Paragraphs 13, 14, 16, and 17, Defendants deny that the props were created for the exclusive benefit of Kjos and allege Kjos only paid for the use of the props, not to obtain ownership of the props. While Riley was compensated for his time in creating the prop, there was never an understanding that Kjos was purchasing the actual props and Kjos understood Riley was using his own personal trophy racks to create such props. As evidence of Riley maintaining ownership of the props, Riley has stored the props since the completion of their use on various shoots.

XII.

With regard to the allegations in Paragraph 15, Defendants deny that the language quoted from the invoice evidences any ownership of the property.

XIII.

With regard to the allegations in Paragraph 18, Defendants admit Kjos made requests as evidenced in Exhibits A and C to the Complaint and that these documents speak for themselves.

XIV.

With regard to the allegations in Paragraph 19, admit only that Riley advised an attorney that he had the gun identified as Item 9 in Exhibit A to the Complaint and that Kjos or anyone else was welcome to get it.

XV.

With regard to the allegations in Paragraph 20, Defendants deny that the personal property identified as Items 1-7 in Exhibit A to the Complaint belong to Kjos and deny that Items 9, 11-12 are in the possession of Defendants, with the exception of the gun identified as Item 9 in Exhibit A to the Complaint, which Defendants have already agreed to return to Plaintiffs. With regard to the computer identified as Item 10, Defendants allege Kjos provided this as a gift to Riley and his wife.

XVI.

With regard to the allegations contained in Paragraph 21, Defendants admit to receiving correspondence regarding alleged copyright infringement, which correspondence speaks for itself.

XVII.

Defendants are unable to admit or deny the allegations contained in Paragraph 22 and therefore denies same and puts Plaintiffs to their strict proof thereof.

XVIII.

With regard to the allegations in Paragraph 23, admit as a photographer Kjos has copyrights to the photographs taken by him and further alleges Riley has the same rights. With regard to Exhibit D to the Complaint, Defendants assert the documents speak for themselves, but dispute the validity of such registrations given the question of the author of the photographs.

XIX.

With regard to the allegations in Paragraph 24, Defendants admit that Riley posted the photographs identified in Exhibit C to his Instagram account, but denies that Kjos owned the photographs as the photographer or as a work for hire. The 24 photographs identified were posted by Riley with the knowledge of Kjos at the time of their posting; depict photographs in which Riley was the photographer; and/or depict photographs of Riley, his children, and/or his dog and for which no release was ever obtained by Plaintiffs.

XX.

With regard to the allegations in Paragraph 25, Defendants are unable to admit or deny what Kjos has discovered, but deny any inference that Riley is in possession of any props owned by Kjos.

XXI.

With regard to the allegations in Paragraph 26, Defendants deny and put Plaintiffs to their strict proof thereof.

XXII.

With regard to the allegations contained in Paragraph 27, Defendants defer to the previous responses to Paragraph 1-26.

XXIII.

Defendants deny the allegations of damages as contained in Paragraphs 28, 29, 30, 32, and 33 and put Plaintiffs to their strict proof thereof.

XXIV.

With regard to the allegations contained in Paragraph 32, Defendants deny and further allege no profits have been made by Defendants with regard to the posting of any of the photographs on Riley's Instagram account.

XXV.

With regard to the allegations in Paragraph 34, Defendants defer to the previous responses to Paragraphs 1-33.

XXVI.

Defendants deny the allegations contained in Paragraphs 35, 36, 37, and 38 and put Plaintiffs to their strict proof thereof.

XXVII.

With regard to the allegations contained in Paragraph 39, Defendants defer to the previous responses in Paragraphs 1-38.

XXVIII.

With regard to the allegations contained in Paragraph 40, Defendants admit that as an independent contractor, Riley interacted with Plaintiffs' clients and businesses.

XXIX.

With regard to the allegations contained in Paragraph 41, Defendants deny their conduct was designed to disrupt the economic relationship between Plaintiffs and their clients, and put Plaintiffs to their strict proof thereof that any prospective customers and

merchants have declined to do business with Plaintiffs as a result of any conduct by Defendants.

## XXX.

Defendants deny the allegations contained in Paragraphs 42 and 44, and put Plaintiffs to their strict proof thereof.

## XXXI.

With regard to the allegations contained in Paragraph 43, Defendants deny to the extent any wrongful conduct by Defendants is alleged, but admit that Defendants have suffered damages.

## XXXII.

With regard to the allegations contained in Paragraph 45, Defendants admit upon information and belief that Plaintiffs have hired the law firm of Barnes & Thornburg LLP, but deny that Plaintiffs are entitled to any attorneys' fees.

## XXXIII.

With regard to Paragraph 46, Defendants assert that no response is required.

## **Affirmative Defenses**

## I.

Plaintiffs' complaint fails to state a claim upon which relief may be granted.

## II.

To the extent Plaintiffs have failed to institute this action within the time required under the applicable statute of limitations, their claims for relief are barred.

III.

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs authorized Defendants to engage in the allegedly improper conduct.

IV.

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' own conduct, actions and inactions that constitute a release of the purported claims and/or any relief sought in the Complaint.

V.

Plaintiffs' claims are barred from recovery, in whole or in part, by the statute of frauds.

VI.

Defendants, at all times relevant to this action, have acted in good faith.

VII.

Plaintiffs' claims fail because any alleged action or failure to act on the part of Defendants was not the proximate cause of any injuries to Plaintiffs.

VIII.

Plaintiffs' claims are barred in whole or in part because Plaintiffs failed, or refused and/or neglected, to mitigate or avoid any damages or injuries they claim to have suffered.

IX.

Plaintiffs' Complaint fails to state facts sufficient to state a claim that would support an award of actual, compensatory, punitive, exemplary, or other damages against Defendants.

X.

Plaintiffs' requests for injunctive relief fail to state a claim and should be dismissed because there is no risk of irreparable injury or harm. Plaintiffs have an adequate remedy at law.

XI.

Plaintiffs' Complaint and each cause of action thereof fail to state valid claims for attorneys' fees.

XII.

To the extent Plaintiffs have suffered any damages, such damage was caused by and is the responsibility of persons, parties, or entities other than Defendants.

XIII.

Plaintiffs' claims are barred in whole or in part by the equitable defenses of laches, waiver, ratification, estoppel, and/or unclean hands.

XIV.

Plaintiffs are not entitled to relief on their copyright count because the Plaintiffs do not have ownership of the alleged copyrighted work.

XV.

Plaintiffs are not entitled to any relief on their copyright claim under the doctrine of fraud on the Copyright Office.

XVI.

Defendants state that Plaintiffs' alleged copyright is invalid because Plaintiffs' copyright registration does not identify the true authors or creators of the alleged copyrighted work.

## **COUNTERCLAIM**

I.

Shawn Riley has worked as a freelance photographer/videographer and producer since at least 2005.

II.

In 2009, Riley began working with Plaintiffs as an independent contractor. In addition to photographing, Riley also worked on scouting, prop preparation, working with models, acting as a model, working with the clients, and editing the images from shoots.

III.

At all relevant times, Riley was treated as and paid by Plaintiffs as an independent contractor in terms of compensation, benefits, and taxes.

IV.

Riley, via Riley Outdoors, billed Plaintiffs for services and expenses. Defendants did not receive regular paychecks or salary from Plaintiffs and Plaintiffs never withheld any payroll taxes on behalf of Defendants.

V.

Riley was not asked to and did not execute, a "work for hire" agreement giving up his ownership rights in the photographs and videos that he worked on with Plaintiffs. Riley was not asked to and did not execute any document relinquishing his ownership of any copyright in the work that he produced with Plaintiffs. There was no agreement, oral or written, that Riley would transfer copyright ownership interest to Plaintiffs.

VI.

It is commonly understood in the photography industry, and codified in Section 101 of the copyright law (17 U.S.C. § 101) that if there is no written "work for hire" agreement signed by the assistant who is not an employee of the photographer, the assistant owns the copyright to the photographs taken by the assistant.

VII.

While working as an independent contractor for Plaintiffs, at no time did Riley ever enter into a Non-Competition or Non-Solicitation agreement with Plaintiffs. Since 2009, Plaintiffs have taken various pictures of Riley and his family, including his children and black lab.

VIII.

The pictures taken by Plaintiffs of Riley, Riley's children, and Riley's dog have been published by Plaintiffs for commercial purposes without any written permission by Riley.

IX.

Plaintiffs failed to obtain individual or group releases from Riley and his family members that would cover Plaintiffs' continued, ongoing use of them as promotional tools for Plaintiffs and/or other businesses.

X.

It is the customary and routine business practice for professional photographers to secure written, executed model releases on all occasions where the imagery will or may be used in connection with the commercial promotion, sale, advertising of a product, service, organization or entity.

XI.

Plaintiffs needed to obtain the written consent of Riley to use his image or that of his children and dog, and failed to do so.

XII.

Plaintiffs are selling and marketing numerous pictures of Riley, his children, and his dog on various websites operated by Plaintiffs including, but not limited to, www.therawspirit.com; www.kjosoutdoors.com; and Kjos Outdoors' Instagram Page.

13

XIII.

The use of the photographs by Plaintiffs has been more than incidental and has been done for commercial purposes.

Count 1: Invasion of Privacy/Appropriation

XIV.

Defendants restate and reallege each and every allegation in their Answer as if affirmatively set forth herein.

XV.

Plaintiffs have appropriated the name and image of Riley, Riley's children, and Riley's dog for Plaintiffs' own purposes and benefits.

XVI.

 Defendants have suffered damages as a result of Plaintiffs' appropriation in an amount to be determined at trial.

Count 2: Unjust Enrichment

XVII.

Defendants restate and reallege each and every allegation in their Answer as if affirmatively set forth herein.

XVIII.

Plaintiffs have wrongfully received compensation for the use and sale of images of Riley, Riley's children, and Riley's dog, for which Riley had a reasonable expectation of compensation.

14

XIX.

Through the marketing, use, and sale of these images, Plaintiffs have been unjustly enriched at the expense of Riley.

XX.

To remedy this wrong, Plaintiffs must be ordered to disgorge all profits from the use of these images or otherwise make Riley whole.

Count 3: Tortious Interference

XXI.

Defendants restate and reallege each and every allegation in their Answer as if affirmatively set forth herein.

XXII.

Since 2005, Riley has developed various relationships in the outdoor photography/videography business.

XXIII.

Plaintiffs were aware of the relationships Riley developed since he and Kjos became friends in 2006.

XXIV.

Plaintiff Lee Kjos has intentionally and willfully discouraged prospective customers and merchants from doing business with Defendants in order to cause damage to Defendants.

XXV.

As a result of Plaintiff Lee Kjos' conduct, prospective customers and merchants have refrained from doing business with Defendants.

XXVI.

Plaintiff Lee Kjos' conduct constitutes interference.

XXVII.

As a proximate result of Plaintiff Lee Kjos' conduct, Defendants suffered damages in an amount to be proven at trial.

WHEREFORE, Defendants demand the following relief:

1.     That Plaintiffs take nothing by their Complaint and that they be denied all of the damages and remedies outlined in the Prayer for Relief in Plaintiffs' Complaint;

2.     Dismissal of Plaintiffs' Complaint, on its merits, in its entirety, and with prejudice;

3.     Payment of its costs, disbursements, and attorney's fees incurred as a result of Plaintiffs' Complaint;

4.     A trial by jury on the claims for which a jury is available; and

5.     Any and all other relief as the Court deems just and equitable.

16

QUINLIVAN & HUGHES, P.A.

Dated: August 25, 2017            By:    /s/ Cally R. Kjellberg-Nelson
                                         Michael C. Rajkowski #195303
                                         Cally R. Kjellberg-Nelson # 0390443
                                         Attorneys for Defendants
                                         PO Box 1008
                                         St. Cloud, MN  56302-1008
                                         (320) 251-1414
                                         (320) 251-1415 (Fax)
                                         mrajkowski@quinlivan.com
                                         ckjellberg-nelson@quinlivan.com